FILED
Jun 04, 2026
02:40 PM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **HEATHER RAY,**<br>        **Employee,**<br>v.<br>**CAMPBELL COUNTY**<br>**SHERIFF'S DEPARTMENT,**<br>        **Employer.** | **Docket No. 2026-30-1015**<br><br>**State File No. 20127-2025**<br><br>**Judge Lisa A. Lowe** |

---

### EXPEDITED HEARING ORDER DENYING BENEFITS
*Decision on the Record*

---

Ms. Ray sustained a right-shoulder injury. Campbell County accepted the claim and authorized treatment with Dr. Kyle Achors. She now seeks an orthopedic evaluation for her neck, which Campbell County denied. For the reasons below, the Court denies Ms. Ray's request.

### Claim History

Ms. Ray suffered a shoulder injury in March 2025. She received authorized treatment with Dr. Achors, who performed surgery. Ms. Ray did not initially report an injury to her neck, but in January 2026, she relayed an onset of neck pain to Dr. Achors.

In March, Dr. Achors wrote that he was unsure why Ms. Ray had not progressed, as her MRI demonstrated an intact rotator cuff repair. He noted sending her for a functional capacity evaluation and anticipated placing her at maximum medical improvement at her next appointment.

Then, Ms. Ray sent a letter to Dr. Achors asking him to check "yes" or "no" to the question, "I would recommend that Ms. Ray be seen by an orthopedic physician to assess injuries to her neck." Dr. Achors checked "yes."

Campbell County raised several questions about Ms. Ray's contentions. First, Ms. Ray only described a shoulder injury in the affidavit (attached to her Request for Expedited Hearing) not a neck injury. Second, her first neck complaint came approximately ten months after she began treatment. Third, Dr. Achors did not unilaterally refer Ms. Ray to a neck specialist. He only recommended the referral in response to Ms. Ray's letter.

Campbell County sent Dr. Achors its own letter. Among other questions, it asked if the March 2025 work injury was more likely than not, primarily responsible for the recommendation for a neck evaluation. Dr. Achors wrote, "I cannot say."

**Findings of Fact and Conclusions of Law**

At an expedited hearing, Ms. Ray must show that she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Regarding medical benefits, Tennessee Code Annotated section 50-6-204(a)(1)(A) provides, "The employer . . . shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by [the] accident[.]"

Also, Ms. Ray must show to a reasonable degree of medical certainty that the work injury contributed more than 50% in causing the need for her neck evaluation/treatment, considering all causes. "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *Id.* § 50-6-102(12) (A)-(D).

Here, Ms. Ray suffered a shoulder injury. She did not report a neck injury, and her affidavit only mentions a shoulder injury. Ms. Ray treated for approximately ten months before mentioning pain in her neck. Despite that complaint, Dr. Achors ordered a Functional Capacity Evaluation and anticipated placing her at maximum medical improvement in mid-May. Dr. Achors did not refer Ms. Ray to a neck specialist during his treatment.

In response to Ms. Ray's letter, Dr. Achors checked "yes" to the statement, "I would recommend that Ms. Ray be seen by an orthopedic physician to assess injuries

2

to her neck." Nothing in the statement asks Dr. Achors if the neck evaluation is reasonable and necessary because of the work injury. In response to Campbell County's letter, Dr. Achors noted that he could not say if the work injury was primarily responsible for the recommended neck evaluation.

The Appeals Board has held that when an employee "significant[ly] delay[s]" requesting treatment for a body part/condition other than that which they initially injured, they must offer "more than a mere allegation of alleged work-related injuries to support [their] claim for authorized medical treatment." Further, "the length of time between a work accident and the request for medical treatment, while not dispositive, is a relevant factor to consider in the court's analysis of whether an employee is entitled to medical care at an interlocutory stage of the case. *Morton v. Morsey Constructors,* 2021 TN Wrk. Comp. App. Bd. LEXIS 33, at \*13-14 (Oct. 4, 2021).

Therefore, the Court holds that Ms. Ray is not likely to prevail at a compensation hearing on entitlement to a neck evaluation/treatment at this time. However, she remains entitled to reasonable, necessary, and related treatment for her right shoulder with Dr. Achors. *See Limberakis v. Pro-Tech Sec.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at \*6 (Sept. 12, 2017) ("employer cannot unilaterally terminate an employee's entitlement to reasonable and necessary medical benefits following a compensable work injury.").

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Ray's request for a panel of orthopedic physicians for a neck evaluation/treatment is denied at this time.

2. The Court sets a Status/Scheduling Hearing on September 29, 2026, at 9:30 a.m. Eastern Time. The parties must call 855-383-0003 to participate.

**ENTERED June 4, 2026.**

*Lisa A. Lowe*

**JUDGE LISA A. LOWE**
**Court of Workers' Compensation Claims**

3

# APPENDIX

*Exhibits:*

1. Petition for Benefit Determination
2. Employer's Disputed Issues
3. Employer's Request to Amend Dispute Certification Notice
4. Dispute Certification Notice
5. Notice of Filing of Wage Statement
6. Hearing Request
7. February 12, 2026 letter to Dr. Kyle Achors
8. Affidavit of Heather Ray
9. Employer's Objection to Employee's Request for Expedited Hearing
10. Medical Records of Knoxville Orthopedic Clinic
11. Supplement to Employer's Objection
12. Order Granting Request for on-the-Record Determination
13. Docketing Notice on-the-Record Determination
14. Employer's Prehearing Brief
15. April 24, 2026 Causation Letter of Dr. Achors

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on June 4, 2026.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Ameesh Kherani, Employee's Attorney | | X | akherani@kheranilaw.com |
| Rick Apperson Employer's Attorneys | | X | rapperson@spicerfirm.com |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name: _____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

Groceries       $ _____ per month       Telephone      $ _____ per month

Electricity       $ _____ per month       School Supplies $ _____ per month

Water       $ _____ per month       Clothing      $ _____ per month

Gas       $ _____ per month       Child Care      $ _____ per month

Transportation   $ _____ per month       Child Support   $ _____ per month

Car       $ _____ per month

Other       $ _____ per month (describe: _____ )

10. Assets:

Automobile       $ _____       (FMV) _____

Checking/Savings Acct. $ _____

House       $ _____       (FMV) _____

Other       $ _____       Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____ .

_____
NOTARY PUBLIC

My Commission Expires:_____